## KINGS COUNTY COURT.

### In the matter of James Collins, Jr.

*A minor over eighteen years of age* can enlist in the naval service of the United States, to serve not exceeding five years, without the consent of his parents or guardian.

*Before Judge* Garrison, *at Chambers, June,* 1863.

James Collins, Jr., a resident of New Jersey, came to New York, and enlisted in the naval service of the United States on the 16th day of May, 1863, without the consent of his parents, and was put on board the receiving ship North Carolina, at the Brooklyn navy yard, commanded by captain Mead. Judge Scrugham, a supreme court judge, granted a writ of *habeas corpus,* returnable before Judge Garrison, at his chambers, city hall, Brooklyn. It appears from the evidence that said Collins was nineteen years of age at the time of the enlistment.

N. F. Waring, *for the petitioner.*
Thomas E. Pearsall, *for the government.*

Garrison, J. The evidence shows that James Collins, Jr., at the time of his enlistment, was a minor over the age of eighteen years; that he has not yet reached majority, and that he enlisted without the consent of his father, who now, upon the grounds of minority and enlistment without his parents' consent, claims his custody and services.

The act of congress, passed March 2, 1837, entitled "An act to provide for the enlistment of boys in the naval service, and to extend the term of the enlistment of seamen," section 1, provides that it shall be lawful to enlist boys for the navy, with the consent of their parents or guardians, not being under thirteen nor over eighteen years of age, to serve until they shall arrive at the age of twenty-one years; and it shall be lawful to enlist *other persons* for the navy,

to serve not exceeding five years, unless sooner discharged by direction of the president of the United States; and so much of an act entitled "An act to amend the act entitled 'An act to amend the act authorizing the employment of an additional naval force,' approved 1st May, 1820, as is inconsistent with the provisions of this act, shall be, and is hereby repealed." I do not find that this section has been repealed, or in any way modified or amended; and James Collins, Jr., being upwards of eighteen years of age at the time of his enlistment, such enlistment is valid, and the consent of the parent or guardian unnecessary. He is included in the term "*other persons*" named therein, and must be remanded to the service.