HAYDEN (UNITED STATES v.). See Case No. 15,333.

HAYDOCK (COBB v.). See Case No. 2,923.

## Case No. 6,261a.

### In re HAYES.

[15 Reporter, 259;[1] 29 Int. Rev. Rec. 46.]

Circuit Court, D. Massachusetts. Jan., 1883.

ARMY AND NAVY—ENLISTMENT—MINOR—HABEAS CORPUS.

Enlistment in the naval service of the United States of a person twenty years of age without the consent of his parents is invalid, and his discharge will be ordered, upon habeas corpus proceedings, on refunding the advance made at the time of enlistment.

This was an application to the circuit court for the district of Massachusetts for a writ of habeas corpus brought by the mother and only surviving parent to obtain the discharge of her son, who was enlisted into the naval service of the United States, without consent of his mother, at Boston, when twenty years of age.

_____

[1] [Reprinted from 15 Reporter, 259, by permission.]

It was argued for the petitioner that sections 1418–1420 of the Revised Statutes of the United States did not authorize the enlistment of any minors without consent of parents or guardians, and that this case was controlled by the decision in McNulty's Case [Case No. 8,917].

On behalf of the respondent it was argued by the United States attorney that, under sections 1418–1420, "other persons" included minors between eighteen and twenty-one years of age, and that such persons could be enlisted, by necessary inference, without consent of parent or guardian; that congress must have intended either that no minors between eighteen and twenty-one should be enlisted (which seemed impossible), or else that they could be enlisted without consent of parent or guardian; that a strong argument was found in the fact that consent was required for enlistment of all minors into the army, and if congress had intended to require it in case of the navy, it would have done so; and that McNulty's Case [supra] was that of enlistment into the marine corps under the act of 1858, which contained no provision as to "other persons," and under which it seemed evident that no boys above seventeen years of age were to be enlisted at all.

NELSON, District Judge, in delivering the opinion of the court, said that "other persons," in section 1419 [Rev. St. U. S.], meant persons capable of making such a contract, and that McNulty's Case [Case No. 8,917] was conclusive on him on this, and he declined to follow Collins' Case, 25 How. Pr. 157, in which the enlistment under the precise facts of the case before him was held valid. The minor was ordered to be discharged upon refunding to the United States the amount of the advance made upon enlistment.